UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NIKI-ALEXANDER SHETTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CWALT, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-CV-02980-LHK<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 13 |

Plaintiff Niki-Alexander Shetty ("Shetty") brings this action against named Defendants Alternative loan trust 2006-OA17; the Bank of New York Mellon ("Mellon"); Cwalt Inc. ("Cwalt"); and National Default Servicing Corporation (collectively, "Defendants"). Before the Court is Mellon's unopposed motion to dismiss for lack of jurisdiction and for failure to state a claim. ECF No. 16. The Court finds that the instant motion is suitable for resolution without oral argument and therefore VACATES the hearing scheduled for August 10, 2017. Having considered the motion, the record in this case, and the relevant law, the Court hereby GRANTS Mellon's motion to dismiss for lack of jurisdiction without prejudice for refiling in state court.

**I.　BACKGROUND**

　**A. Factual Background**

Plaintiff claims title to the property located at 203 Meghann Court, Watsonville, CA 95076

1  ("property"). ECF No. 1 ("Compl.") ¶ 4. Plaintiff claims title by way of a grant claim deed
2  executed by Maria Castellanos in 2016. *Id.* On August 23, 2006, Castellanos took out a home loan
3  secured by the property by way of a deed of trust. *Id.* ¶¶ 18–19. The deed of trust named MERS as
4  Castellanos's nominee. Compl. Ex. 1 p. 2. On May 13, 2013, MERS assigned the deed of trust to
5  Mellon. Compl. Ex. 3. On December 23, 2015, Mellon substituted National Default Servicing
6  Corporation ("NDSC") as trustee under the deed of trust. Compl. Ex. 4. On June 7, 2013,
7  Castellanos defaulted on the deed of trust. Compl. Ex. 5. On April 27, 2017, NDSC recorded a
8  notice of trustee's sale against the property. Compl. Ex. 6.

Plaintiff alleges six causes of action in the complaint, including negligence, wrongful foreclosure, cancellation and expungement of void written instruments, quiet title, injunctive relief pursuant to California Civil Code § 2924.12, and "declarative relief." Compl. ¶¶ 83–228. These causes of action are all based on Plaintiff's claim that MERS was not authorized to assign the deed of trust to Mellon. Compl. ¶¶ 10–15, 20–23.

### B. Procedural History

Plaintiff filed the complaint in the instant action on May 24, 2017. ECF No. 1. The case was initially assigned to Magistrate Judge Howard Lloyd. ECF No. 6. On June 20, 2017, Cwalt filed a motion to dismiss. ECF No. 13. The same day, Mellon filed the instant motion to dismiss, ECF No. 16, and a motion to strike, ECF No. 17. Plaintiff did not file an opposition to any of these motions. By July 12, 2017, Plaintiff had not filed a document indicating whether he consented to magistrate judge jurisdiction despite having been ordered to do so. ECF No. 22. Therefore, Magistrate Judge Lloyd ordered that the case be reassigned to a district judge. *Id.* The same day, July 12, 2017, the case was reassigned to the undersigned judge. ECF No. 23.

After the case was reassigned to the undersigned judge, Defendant NDSC filed a motion for dismiss on July 20, 2017. ECF No. 28. NDSC filed an amended motion to dismiss on July 21, 2017. ECF No. 29. Plaintiff did not file an opposition to either of NDSC's motions.

## II. LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant

2
Case No. 17-CV-02980-LHK
ORDER DISMISSING CASE FOR LACK OF JURISDICTION

to Federal Rule of Civil Procedure 12(b)(1). A jurisdictional challenge may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the complaint's allegations are sufficient on their face to invoke federal jurisdiction, and accepts all material allegations as true and construes them in favor of the party asserting jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute regarding subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *See id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction"). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### III. DISCUSSION

Before the Court is Mellon's motion to dismiss. ECF No. 16. In the motion to dismiss, Mellon argues that Plaintiff has not established federal jurisdiction over the instant case under 28 U.S.C. § 1331 or 28 U.S.C. § 1332. *Id.* ECF No. 16. Mellon also argues that Plaintiff has failed to state a claim for any of Plaintiff's causes of action. *Id.* As discussed below, the Court finds that the Court lacks jurisdiction over the instant case and therefore the Court need not consider Mellon's argument that Plaintiff has failed to state a claim for any of Plaintiff's causes of action.

Mellon's motion to dismiss for lack of jurisdiction argues that Plaintiff has not established jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. In support of this argument, Mellon requests that the Court take judicial notice of certain documents. ECF No. 16-2. The Court first addresses Mellon's request for judicial notice and then addresses Mellon's arguments under 28 U.S.C. § 1331 and 28 U.S.C. § 1332 in turn.

#### A. Request for Judicial Notice

3

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).

Mellon requests judicial notice for seven documents. ECF No. 16-2. Most of these documents are relevant to Mellon's motion to dismiss for failure to state a claim. *Id.* at 2. Only one of these documents is relevant to Mellon's motion to dismiss for lack of jurisdiction. *Id.* However, because the Court finds that the Court lacks jurisdiction over the instant case, the Court need not take judicial notice of documents that are relevant to the merits of the case. Instead, the Court need only consider the single document for which Mellon requests judicial notice that is relevant to Mellon's motion to dismiss for lack of jurisdiction.

Specifically, Mellon requests judicial notice of the Statement and Designation by Foreign Corporation filed by CWALT, Inc. with the California Secretary of State on July 19, 2007, and indexed as Document Number 3008679. *Id.* This document is attached to Mellon's request for judicial notice as Exhibit 6. *Id.* This document is a public record and is therefore the proper subject of judicial notice. Additionally, Plaintiff does not oppose Mellon's request for judicial notice. The Court therefore GRANTS Mellon's request for judicial notice of the Statement and Designation by Foreign Corporation filed by CWALT, Inc. with the California Secretary of State on July 19, 2007, and indexed as Document Number 3008679.

**B. 28 U.S.C. § 1331**

Mellon first argues that the Court lacks jurisdiction under 28 U.S.C. § 1331. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal jurisdiction "is

4

Case No. 17-CV-02980-LHK
ORDER DISMISSING CASE FOR LACK OF JURISDICTION

determined (and must exist) as of the time the complaint is filed . . . ." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir.2002). Jurisdiction pursuant to § 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

As Mellon points out, the complaint discloses no federal statutory or constitutional question. Plaintiff's complaint alleges six causes of action in the complaint, including negligence, wrongful foreclosure, cancellation and expungement of void written instruments, quiet title, injunctive relief pursuant to California Civil Code § 2924.12, and "declarative relief" pursuant to the Declaratory Judgment Act. Compl. ¶¶ 83–228. The first five of these causes of action contain no mention of any federal statute, and thus cannot establish jurisdiction under 28 U.S.C. § 1331.

The sixth cause of action, for "declarative relief," appears to be brought primarily under California Code of Civil Procedure § 1060. *See* Compl. ¶ 218. However, the caption of the complaint also mentions "28 U.S.C. §§ 2201 & 2202," the federal Declaratory Judgment Act. *Id.* at 1. Thus, the Declaratory Judgment Act may also be a ground for Plaintiff's sixth cause of action. Nevertheless, even if Plaintiff's "declarative relief" cause of action is brought pursuant to the Declaratory Judgment Act, this is insufficient to confer jurisdiction under 28 U.S.C. § 1331. "[T]he Federal Declaratory Judgment Act, 28 U.S.C. § 2201, . . . does not provide the district courts with an independent basis for federal question jurisdiction." *Avery v. GE Auto Ins. Program*, 243 F. App'x 268, 269 (9th Cir. 2007); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.") (internal citations omitted). None of the rights which Plaintiff asserts in Plaintiff's "declarative relief" cause of action, or any other cause of action, arise under federal law. *See* Compl. ¶¶ (requesting declaratory relief "concerning the legal effect and true nature of [certain individuals'] claims, interest in and title to the subject property.") Therefore, Plaintiff's single citation to the Declaratory Judgment Act does not confer federal question jurisdiction under 28

5

1 U.S.C. § 1331.

For these reasons, the Court finds that Plaintiff has not established that the Court has jurisdiction over the instant case under 28 U.S.C. § 1331.

**C. 28 U.S.C. § 1332**

Mellon also argues that Plaintiff has not established jurisdiction under 28 U.S.C. § 1332. Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. A "core principle of federal removal jurisdiction on the basis of diversity ... is [that it is] determined (and must exist) as of the time the complaint is filed and. . . . ." *Strotek*, 300 F.3d at 1131. "28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

Plaintiff alleges that she is "an individual residing in the County of Los Angeles, State of California." Compl. ¶ 3. Plaintiff does not claim that her domicile is in any other state. Thus, for the purposes of diversity jurisdiction, Plaintiff is a citizen of the state of California.

However, as Mellon points out, Defendant Cwalt is also a citizen of California. For the purposes of diversity jurisdiction, a corporation is a citizen both of the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). The United States Supreme Court has held that a corporation's principal place of business is determined by the state in which its "nerve center" is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A corporation's nerve center is "where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93–94.

Cwalt is incorporated in Delaware. Compl. ¶ 6. However, Cwalt's headquarters and principal place of business is in Calabasas, California. *See* Request for Judicial Notice, Ex. 6 (describing Calabasas, California as Cwalt's "principal executive office."); Compl. ¶ 6 ("CWALT,

6
Case No. 17-CV-02980-LHK
ORDER DISMISSING CASE FOR LACK OF JURISDICTION

1 Inc., is a Delaware corporation, and is a limited purposes finance subsidiary of Countrywide

2 Financial Corporation whose address is 4500 Park Granada, Calabasas, California 91302.").

3 Plaintiff does not contest that Cwalt's principal place of business is in California. Thus, for

4 purposes of diversity jurisdiction, Cwalt is a citizen of both Delaware and California.

Both Plaintiff and Defendant Cwalt are citizens of California. Therefore, there is not complete diversity between the parties and the Court lacks jurisdiction under 28 U.S.C. § 1332.

### D. Summary

Plaintiff has not established that the Court has jurisdiction over the instant case under 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Plaintiff asserts no other ground for the Court's jurisdiction. *See* Compl. § IV (mentioning only 28 U.S.C. § 1331 and 28 U.S.C. § 1332 as grounds for original jurisdiction). Therefore, the Court GRANTS Mellon's motion to dismiss for lack of jurisdiction. This dismissal is without prejudice for refiling in state court.

Because the Court has dismissed the instant case for lack of jurisdiction, the Court need not, and indeed lacks jurisdiction to, decide the remaining pending motions. Therefore, the Court DENIES AS MOOT Mellon's motion to strike, ECF No. 17; Cwalt's motion to dismiss, ECF No. 13; NDSC's motion to dismiss, ECF No. 28; NDSC's amended motion to dismiss, ECF No. 29; and the parties' stipulation regarding the motions to dismiss, ECF No. 37.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Mellon's motion to dismiss for lack of jurisdiction without prejudice for refiling in state court. The Court DENIES AS MOOT Mellon's motion to strike, ECF No. 17; Cwalt's motion to dismiss, ECF No. 13; NDSC's motion to dismiss, ECF No. 28; NDSC's amended motion to dismiss, ECF No. 29; and the parties' stipulation regarding the motions to dismiss, ECF No. 37. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 8, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

7
Case No. 17-CV-02980-LHK
ORDER DISMISSING CASE FOR LACK OF JURISDICTION